IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES LAMMERS,

                                                                                             ORDER

                        Petitioner,

                                                                              10-cv-345-bbc

      v.

WARDEN McCAUGHTRY, Warden,
Waupun Correctional Institution,

                        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       James Lammers, an adult resident of Plymouth, Wisconsin, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On June 30, 2010, I required petitioner to re-submit his petition on a 28 U.S.C. § 2254 form.  Although petitioner did not use the form, he has submitted a response that, for the most part, answers the questions asked on the form.  The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

       Petitioner continues to claim that he filed a previous 28 U.S.C. § 2254 petition in this court and has now submitted a copy of this petition, signed on October 16, 2001.  However, this court has no record of petitioner's having filed any pleading in this court between 1999

1

and 2010. A copy of the petition is not sufficient to show that petitioner actually mailed the petition to the court or that it was filed.

In his response, petitioner states that he is challenging his 1996 Racine County conviction, case no. 95-CF-412. A review of the state circuit court's electronic docket sheets, available at http://wscca.wicourts.gov (Search Case No. 95-CF-412), show that petitioner was sentenced in this case on November 8, 1996 to five years in prison. As to whether he is in custody on this conviction, petitioner states in his response as follows:

> I believe I fall within the custody definition per your last related ruling on habeas corpus conduct reports. I am as of the 17th according to PO agents discharged from 95CF412, But the court in Sheboygan County Bolgert . . . added 6 year probation because of the phony conduct report scam you just ruled on.

Based on petitioner's pleadings, I cannot determine when petitioner's five-year sentence began, but if it began on the sentencing dater, it is difficult to believe that he would be in custody on this five-year sentence some 14 years later. Petitioner cannot bring a federal habeas action on a conviction for which he is not "in custody." Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001). However, petitioner could challenge the conviction indirectly, if for example, a state court relied upon it as a basis for imposing an enhanced sentence on a conviction for which petitioner is currently in custody. Maleng v. Cook, 490 U.S. 488, 493 (1989) (per curiam). To be entitled to federal habeas review of such a claim, petitioner must show that the 1996 conviction actually has an effect on his current

2

confinement. Coss, 490 U.S. at 406.

It appears from petitioner's submissions that he is no longer imprisoned on any conviction, but he may be on probation or parole on a sentence. It is not clear to what conviction this probation or parole term applies. I will give petitioner one final opportunity to show that he is currently serving probation or parole on Case No. 95-CF-412 or that his conviction in that case enhanced the sentence on which he is serving probation or parole. He should provide documentation of this information no later than August 16, 2010. Failure to provide this information may result in the dismissal of his petition without prejudice.

ORDER

IT IS ORDERED that petitioner James Lammers shall submit documentation that he is in custody pursuant to case no. 95-CF-412 or has had his custody enhanced by his conviction in that case no later than August 16, 2010. Failure to submit this information may result in dismissal of his petition without prejudice.

Entered this 27th day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge