IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES LAMMERS,

                                                                                        ORDER

                      Petitioner,

                                                                                       10-cv-345-bbc

     v.

WARDEN McCAUGHTRY, Warden,
Waupun Correctional Institution,

                     Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       James Lammers, an adult resident of Plymouth, Wisconsin, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. On July 27, 2010, I gave petitioner one final opportunity to show that he is currently serving probation or parole on Case No. 95-CF-41, his 1996 Racine County conviction for battery of a corrections officer by a prisoner, or that his conviction in that case enhanced the sentence on which he is serving probation or parole. Now that he has responded, I will dismiss the petition for several reasons.

       First, in his response, petitioner states:"According to the face of the record the case 95

CF 412 is done per DOC Agent Whitehead." I understand petitioner to be stating that he is no longer in custody on the conviction he wishes to challenge. This is a ground for dismissal. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001).

Also, in his response, petitioner continues to assert that he attempted to file this petition in 2001. I take this to mean that I should consider his petition as if it had been filed in 2001. He attaches a copy of a letter his mother received stating that the clerk's office could not accept her payment for petitioner's petition for a writ of habeas corpus pursuant to a decision of the United States in the Court of Appeals for the Seventh Circuit, Lammers v. Ellerd, 202 F. 3d 273 at *1 (7th Cir. November 24, 1999) (unpublished decision). That decision states as follows: "Lammers can't file any more collateral attacks without this court's approval under 28 U.S.C. § 2244(b)." It appears that the clerk's office believed that order precluded the filing of petitioner's petition for a writ of habeas corpus. Petitioner has also attached a copy of a letter he sent to Judge Shabaz stating he had exhausted his state court remedies. However, petitioner has not submitted any documentation of the exhaustion of his state court remedies.

Even if petitioner's petition had been filed in 2001, he has not shown that it would have been timely or that his state court remedies were exhausted. To the extent that petitioner believed he had filed a petition for a writ of habeas corpus, his failure to follow up with the court for nine years leads me to conclude that he did not believe his petition for a writ of

2

habeas corpus had been properly filed in this court in 2001.

ORDER

IT IS ORDERED that James D. Lammers' petition for a writ of habeas corpus is DISMISSED with prejudice because petitioner is not in custody as a result of his conviction in Case 95-CF-412, which is the conviction he is challenging.

Entered this 10th day of August, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

3